J-S27007-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHAUN PATRICK AUSTIN | |
| Appellant | No. 819 EDA 2021 |

Appeal from the PCRA Order Entered November 18, 2020
In the Court of Common Pleas of Northampton County
Criminal Division at No.: CP-48-CR-0002008-2008

BEFORE:  STABILE, J., NICHOLS, J., and SULLIVAN, J.

MEMORANDUM BY STABILE, J.:                    **FILED DECEMBER 01, 2022**

Appellant Shaun Patrick Austin *pro se* appeals from the November 18, 2020 order of the Court of Common Pleas of Northampton County ("PCRA court"), which dismissed his serial petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we vacate and remand.

Briefly,[1] a jury convicted appellant of 96 counts of possession of child pornography under 18 Pa.C.S.A. § 6312(d).  The trial court imposed an aggregate sentence of 72 to 192 years of imprisonment.  This Court affirmed

---

[1] Unless otherwise stated, the facts and procedural history of this case are taken from our previous decisions rendered in connection with this case.  ***See Commonwealth v. Austin***, 26 A.3d 1188 (Pa. Super. 2011) (unpublished memorandum), ***appeal denied***, 32 A.3d 1274 (Pa. 2011); ***Commonwealth v. Austin***, 66 A.3d 798 (Pa. Super. 2013), ***appeal denied***, 77 A.3d 1258 (Pa. 2013); ***Commonwealth v. Austin***, 159 A.3d 1010 (Pa. Super. 2016) (unpublished memorandum); ***Commonwealth v. Austin***, 217 A.3d 379 (Pa. Super. 2019) (unpublished memorandum); ***Commonwealth v. Austin***, 229 A.3d 365 (Pa. Super. 2020) (unpublished memorandum).

Appellant's convictions, but vacated his judgment of sentence and remanded for resentencing after concluding that the trial court abused its discretion by imposing a *de facto* life sentence. On remand, Appellant was resentenced to an aggregate term of incarceration of 35 to 70 years to run consecutively to a sentence he received in an unrelated case.[2] We affirmed Appellant's judgment of sentence on May 13, 2013. On October 22, 2013, our Supreme Court denied Appellant's petition for allowance of appeal.

On August 27, 2020, Appellant filed the instant—serial—PCRA petition, alleging, *inter alia*, that the Commonwealth violated his "right to a speedy trial by withholding evidence that would prove Commonwealth requested continuances." PCRA Petition, 8/27/20, at 1 (unpaginated). On November 18, 2020, the PCRA court dismissed the petition based on Appellant's failure to file a brief pursuant to Pa.R.A.P. 2311(b). The PCRA court did not provide Appellant with a Pa.R.Crim.P. 907 notice of its intent to dismiss the PCRA petition without a hearing. Appellant eventually appealed.[3] Both the PCRA court and Appellant complied with Pa.R.A.P. 1925.

---

[2] In a companion case at No. CP-48-CR-0002007-2008 (No. 2007-2008), a jury convicted Appellant of rape of a child (18 Pa.C.S.A. § 3121(c)), statutory sexual assault (18 Pa.C.S.A. § 3122.1), involuntary deviate sexual intercourse (18 Pa.C.S.A. § 3123), and recklessly endangering another person (18 Pa.C.S.A. § 2705). The trial court imposed an aggregate sentence of 15 to 40 years' imprisonment. We ultimately affirmed the judgment of sentence at No. 2007-2008.

[3] We decline the Commonwealth's invitation to quash this appeal as untimely. The PCRA court failed to comply with the mandate of Rule 907(4) by failing to advise Appellant "by certified mail, return receipt requested, of the right to

*(Footnote Continued Next Page)*

- 2 -

On appeal,[4] Appellant raises two issues for our review, which we reproduce verbatim.

> [I.] Did the court error by ignoring/denying request for transcripts/recreation of record upon which instant PCRA was filed[.]
>
> [II.] Did the court error by dismissing for failure to file a brief the instant PCRA[.]

Appellant's Brief at I (sic).

We start our discussion with Appellant's second issue, as we find it dispositive.[5]  Here, the PCRA dismissed his petition for want of filing a brief. In support of dismissal, the PCRA court relied upon Rule 2311(b) of our Rules of Appellate Procedure, which provides that "[a]ll parties shall submit post

---

appeal from the final order disposing of the petition and of the time limits within which the appeal must be filed.  The order shall be filed and served as provided in Rule 114."  Pa.R.Crim.P. 907(4).  Pursuant to Rule 114, service shall be in writing by "sending a copy to an unrepresented party by certified, registered, or first class mail addressed to the party's place of . . . confinement."  Pa.R.Crim.P. 114(B)(3)(a)(v).  Further, the docket entries shall contain the date of receipt in the clerk's office of the order, the date appearing on the order, and the date of service of the order.  Pa.R.Crim.P. 114(C).  Finally, Pa.R.A.P. 301 provides that "no order of a court shall be appealable until it has been entered upon the appropriate docket in the lower court."  Pa.R.A.P. 301(a)(1).  An order properly is entered upon the docket by complying with Pa.R.Crim.P. 114(C).  As stated, the order at issue does not advise Appellant of the right to appeal or the time limits within which the appeal must be filed.  It appears it was served by certified mail, but there is no indication of return receipt requested.

[4] "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination 'is supported by the record and free of legal error.'" ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014) (quoting ***Commonwealth v. Rainey***, 928 A.2d 215, 223 (Pa. 2007)).

[5] Based on our disposition below, we need not address Appellant's first issue.

conviction relief cases on the briefs unless otherwise directed by the court on its own motion or upon application." Pa.R.A.P. 2311(b). Rule 2311(b) requires parties to submit their appeal on briefs, unless this Court directs, or the parties request, otherwise. Because Rule 2311(b) applies only on appeal, the PCRA court erred in relying upon that rule to dismiss Appellant's petition. The PCRA court had a pending serial petition filed by Appellant, and instead of issuing a Pa.R.Crim.P. 907 notice, the court simply dismissed it under Section 2311(b). It erred in doing so. Accordingly, we are constrained to vacate and the remand this matter to the PCRA court with instruction to properly dispose of Appellant's serial petition under the Rules of Criminal Procedure and local rules, if applicable.

Order vacated. Case remanded. Jurisdiction relinquished.

*Judgment Entered.*

_____

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 12/1/2022*